IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| ELIZABETH GWYNN<br><br>        Plaintiff,<br><br>v.<br><br>DANIEL WERFEL, COMMISSIONER,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:24-cv-02105-SHM-tmp |

**ORDER ADOPTING REPORT AND RECOMMENDATION IN PART AND
DISMISSING COMPLAINT**

Before the Court is the Report and Recommendation ("the Report") filed by Chief Magistrate Judge Tu M. Pham on June 18, 2026. (ECF No. 30.) The Magistrate Judge sua sponte recommends that the Court dismiss Plaintiff's complaint with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Id.) Neither party has filed timely objections to the Report, and the opportunity to do so has passed. For the reasons discussed below, the Court ADOPTS AS MODIFIED the Magistrate Judge's Report and DISMISSES Plaintiff's complaint.

**I.    Background**

On February 15, 2024, Plaintiff filed a pro se complaint against Defendant, alleging employment discrimination in violation of federal law. (ECF No. 1.) On February 24, 2026,

Defendant filed a Motion to Dismiss for Failure to State a Claim *in the alternative*, Motion for Summary Judgment. (ECF No. 28.) Plaintiff did not respond in opposition to Defendant's motion within the twenty-eight (28) days required by Local Rule 12.1(b). (ECF No. 29 at 2.)

On June 2, 2026, the Magistrate Judge entered an Order to Show Cause directing Plaintiff to respond. (Id.) The Magistrate Judge warned Plaintiff that a failure to timely respond to the Order to Show Cause might result in dismissal of her complaint with prejudice for failure to prosecute. (Id.) The time to respond to the Order to Show Cause expired on June 15, 2026.[1] Plaintiff did not respond.

On June 18, 2026, the Magistrate Judge filed the Report and Recommendation recommending that Plaintiff's complaint be dismissed with prejudice for failure to prosecute. (ECF No. 30.) The deadline to file objections expired on July 6, 2026.[2] On July 16, 2026, Plaintiff filed a letter expressing her "wish to enter

---

[1] The Order directed Plaintiff to respond within ten (10) days. Rule 6(d) provides that, "when a party may or must act within a specified time after being served and service is made [by mail] . . . 3 days are added after the period would otherwise expire." Fed. R. Civ. P. 6(d). A review of the CM ECF filing system shows that Plaintiff did not receive electronic notification of the Report. Plaintiff's response was due thirteen (13) days after the date of the Order, or June 15, 2026.

[2] Plaintiff had fourteen (14) days from the service of the Magistrate Judge's report in which to file objections. Fed. R. Civ. P. 72. Pursuant to Rule 6(d), the deadline is extended three (3) days. See supra note 1.

2

a motion to move to a set a trial date." (ECF No. 31 at 1.) To support her request, Plaintiff cites the Internal Revenue Service's recent termination of its contract with the National Treasury Employees Union (NTEU). (Id.)

## II.  Standard of Review

### A.    Report and Recommendation

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges.  See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). Pursuant to Federal Rule of Civil Procedure 72(b)(1), for pretrial matters dispositive of a claim or defense, a magistrate judge must enter a recommended disposition and serve a copy on each party. Fed. R. Civ. P. 72(b)(1); LR 72.1(g)(2). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); LR 72.1(g)(2).

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P.

3

72(b) Advisory Committee Notes; see also Thomas v. Arn, 474 U.S. 140, 150 (1985).

When a timely objection is filed, "[a] district judge must determine de novo any part of a Magistrate Judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); LR 72 (g)(2). The objection should include how the report's analysis is wrong, why it is wrong, and how de novo review will cause a different result on the particular issue. See Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. Id. On de novo review of an issue properly objected to, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge. See Fed. R. Civ. P. 72(b)(3); LR 72.1(g)(2).

**B.    Dismissal Pursuant to Federal Rule of Civil Procedure 41(b)**

Rule 41(b) of the Federal Rules of Civil Procedure gives courts the authority to dismiss a case "[i]f the plaintiff fails to prosecute or comply with [the Federal Rules] or a court order," either on a defendant's motion or on the court's own

4

initiative. Fed. R. Civ. P. 41(b); see Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 362-63 (6th Cir. 1999).

Courts consider four factors when deciding whether dismissal under Rule 41(b) is warranted: (1) whether the plaintiff's failure is due to willfulness, bad faith, or fault; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were considered were imposed or considered before dismissal was ordered. Knoll, 176 F.3d at 363.

## III. Analysis

Plaintiff's July 16, 2026 letter is not responsive to the Report. Even if the letter were sufficient to raise objections to the Report, however, Plaintiff's objections would be untimely. See Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999) (Pro se litigants "enjoy the benefit of a liberal construction of their pleadings and filings."); Fed. R. Civ. P. 72(b)(2). Had Plaintiff filed her letter before the deadline to raise objections, the result would be the same. Not only is the letter unresponsive to the Report, it fails to respond to the Motion to Dismiss or to the Order to Show Cause. See Howard, 932 F.2d at 509. Therefore, the Court reviews the Report for clear error. See Thomas, 474 U.S. at 150.

5

The Report finds that all four Knoll factors weigh in favor of dismissal and recommends that Plaintiff's complaint be dismissed with prejudice for failure to prosecute. (ECF No. 30.)

### A. First Knoll Factor

The Report finds that the first Knoll factor supports dismissal because Plaintiff "not only failed to respond to Defendant's motion but also failed to comply with court orders directing her to explain why it should not be granted." (ECF No. 30 at 3.)

The Court finds no clear error in the Magistrate Judge's conclusion. Although there is no indication that Plaintiff's failure to respond to Defendant's Motion to Dismiss or to the Order to Show Cause was motivated by bad faith, Plaintiff's failure to respond to the Order to Show Cause supports a finding of willfulness and fault.[3] See Hatcher v. Dennis, No. 1:17-cv-01042-JDB-egb, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018) ("Even where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault."); Fitcheard v. Metro. Gov't of Nashville and Davidson Cty., No. 3:22-cv-638, 2022 WL 16984490,

---

[3] A plaintiff's failure to respond to a defendant's motion to dismiss, standing alone, does not amount to a failure to prosecute. Carver v. Bunch, 946 F.2d 451, 454 (6th Cir. 1991).

6

at *2 (M.D. Tenn. Nov. 16, 2022), report and recommendation adopted, 2022 WL 17420376 (M.D. Tenn. Dec. 5, 2022) (same). This factor supports dismissal.

### B.    Second <u>Knoll</u> Factor

Second, the Report finds that "Defendant has suffered prejudice due to Plaintiff's failure to respond because her failure has delayed litigation and caused Defendant to incur litigation expenses." (ECF No. 30 at 3.)

The Court finds clear error in this conclusion. "The key to finding prejudice in a dismissal for lack of prosecution is whether the defendants 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" <u>Schafer v. City of Defiance Police Dep't</u>, 529 F.3d 731, 739 (6th Cir. 2008) (quoting <u>Harmon v. CSX Transp., Inc.</u>, 110 F.3d 364, 368 (6th Cir. 1997)). There is no evidence that Defendant wasted time, money, or effort because of Plaintiff's failure to respond to the Motion to Dismiss.[4]

---

[4] It is not clear that Plaintiff was legally obligated to respond to the Motion to Dismiss before the Court issued its June 2, 2026 show cause order directing Plaintiff to do so. <u>See</u> <u>Crawford v. Beaumont Hosp.-Wayne</u>, No. 17-1305, 2017 WL 4182098, at *2 (6th Cir. Sept 12, 2017) (failure to respond to motion to dismiss deemed grounds to dismiss for failure to prosecute *after* magistrate judge ordered a response and granted several extensions to respond over a six-month period). Neither the Federal Rules of Civil Procedure nor the Local Rules require a response. <u>See</u> <u>Carver</u>, 946 F.2d at 454-455 (analogizing an unopposed motion to dismiss to an unopposed motion for summary judgment); LR 7.2 (a)(2) ("Failure to respond timely to any motion, *other than one requesting dismissal of a claim or action*, may be deemed good grounds for granting the motion.")

7

See Rodgers v. Rayco, No. 2:24-cv-2641-JPM-tmp, 2025 WL 1912761, at *3 (W.D. Tenn. July 11, 2025) (finding no prejudice to defendants from delay where plaintiff did not respond to defendant's motion to dismiss or court's show cause order directing a response).

The Court, on its own motion, rather than Defendant's, required Plaintiff's cooperation. "[Defendant]'s motion to dismiss [itself] is not evidence of such 'pursuit of cooperation.'" Id. (citation omitted); see Turner v. Jarmon, No. 3:17-cv-00236, 2019 WL 5686322, at *4 (M.D. Tenn. Oct. 11, 2019), report and recommendation adopted, 2019 WL 5684505 (M.D. Tenn. Oct. 31, 2019) ("[T]ime and effort spent on 'typical steps in the early stages of litigation[,]' such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions 'necessitated by any lack of cooperation' and therefore do not weigh in favor of dismissal for failure to prosecute.") (quoting Schafer, 529 F.3d at 739);

---

(emphasis added); LR 12.1(b) ("A party opposing a motion to dismiss must file a response within 28 days after the motion is served.") (emphasis added). Courts in this Circuit routinely rule on unopposed motions to dismiss on the merits. See, e.g., Alaniz v. Stephens, No. 2:23-cv-77, 2023 WL 12225260, at *1 (E.D Tenn. Nov. 2, 2023); Smith v. Breen, 2010 WL 2557447, at *4, 4 n.9 (W.D. Tenn. June 21, 2010); Dunning v. Cmty. Choice Credit Union, No. 25-13873, 2026 WL 1747090, at *2 (E.D. Mich. June 17, 2026).

Millican v. CoreCivic, Inc., No. 3:22-cv-00807, 2023 WL

8813515, at *2 (M.D. Tenn. Dec. 20, 2023) (same).

Even where a defendant has not spent time, money, or

effort to obtain cooperation, a defendant may suffer prejudice

if the plaintiff fails to respond or otherwise cooperate

because she has abandoned her claim. See Crawford, No. 16-cv-

11461, 2017 WL 744242, at *7 (E.D. Mich. Feb. 27, 2017), aff'd,

2017 WL 4182098 ("[A]bandoning claims, which can occur when a

litigant does not respond to a motion, causes prejudice to the

opposing party in the context of a Rule 41(b) dismissal.")

(internal citations omitted). Plaintiff has not abandoned her

claim. As evinced by the docket, Plaintiff engaged in the case

after filing her complaint in February 2024 and, in her recent

filing, seeks a trial date. See Radley v. Metro Nashville

Police Dep't, No. 3:20-cv-677, 2021 WL 1214510, at **2-3 (M.D.

Tenn. Mar. 10, 2021), report and recommendation adopted, 2021

WL 1198272 (M.D. Tenn. Mar. 30, 2021) (finding plaintiff

abandoned his claim where he had "fail[ed] to take any steps to

advance the litigation" since filing his complaint). Plaintiff

has not abandoned her claim. She has failed to prosecute it.

The lack of prejudice to Defendant weighs against

dismissal. See Rodgers, 2025 WL 1912761, at *3.

9

**C.    Third <u>Knoll</u> Factor**

The Report finds that the third <u>Knoll</u> factor weighs in favor of dismissal because the Order to Show Cause warned Plaintiff that failure to respond to the Order might result in dismissal of her complaint with prejudice for failure to prosecute. (ECF No. 30 at 3-4.)

The Court finds no clear error in this conclusion. <u>See</u> <u>Crawford</u>, 2017 WL 4182098, at *3 (third factor met where plaintiff was warned that failure to respond to show cause order could result in Rule 41(b) dismissal); <u>Turner</u>, 2019 WL 5686322, at *4 (same). This factor favors dismissal.

**D.    Fourth <u>Knoll</u> Factor**

The Report finds that the fourth <u>Knoll</u> factor supports dismissal. (<u>Id.</u>) The Report says that the Magistrate Judge "carefully considered imposing less drastic sanctions, provided Gwynn an extended deadline to respond, and submits that only dismissal will cure Plaintiff's failure to prosecute this matter." (ECF No. 30 at 4.)

The Court finds no clear error in the Magistrate Judge's conclusion. Although Plaintiff recently filed a letter, she did not take that opportunity to oppose the Motion to Dismiss, respond to the Order to Show Cause, or explain her previous failure to do so. Plaintiff has not complied with the Order to Show Cause despite escalating consequences – first, a warning

that failure to respond might result in dismissal of her case, followed by a recommendation that her case be dismissed. Additional warnings would not elicit compliance. Given Plaintiff's in forma pauperis status, monetary sanctions would also be unavailing. (ECF No. 6); see Estes v. Smith, No. 2:15-CV-95-JRG-MCLC, 2018 WL 2308780, at *2 (E.D. Tenn. May 21, 2018).

Although dismissal is a harsh sanction, no lesser sanction would be effective under the circumstances. See Crawford, 2017 WL 4182098, at *3; Alger v. McDowell, No. 19-12889, 2022 WL 2349722, at *2 (E.D. Mich. May 12, 2022), report and recommendation adopted, 2022 WL 2345737 (E.D. Mich. June 29, 2022) (Rule 41(b) dismissal of pro se plaintiff's complaint for failure to respond to court's show cause order); Harper v. Houston, No. 2:17-cv-02132-STA-cgc, 2020 WL 3260069, at *5 (W.D. Tenn. June 16, 2020) (show cause order constitutes consideration of less drastic measures prior to dismissal). This factor favors dismissal.

### E.    Balance of Factors

Balancing the Knoll factors warrants dismissing Plaintiff's complaint with prejudice. See Schafer, 529 F.3d at 739-40 (finding no abuse of discretion where the district court dismissed the plaintiff's complaint when factors one, three,

11

and four weighed in favor of dismissal and factor two weighed against dismissal).

Plaintiff is proceeding pro se. Although pro se plaintiffs are afforded "some leniency on matters that require legal sophistication," that leniency does not extend to "straightforward procedural requirements that a layperson can comprehend." Webb v. Middle Tenn. Mental Health Inst., No. 3: 24-cv-706, 2026 WL 759318, at *3 (M.D. Tenn. Feb. 27, 2026), report and recommendation adopted, 2026 WL 757191 (M.D. Tenn. Mar. 17, 2026) (quoting Thomas v. Liles, No. 3:16-CV-251-JHM, 2016 WL 4940343 (W.D. Ky. Sept. 14, 2016)); Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991). Plaintiff's pro se status "does not relieve [her] of the basic obligations required of all parties[,]" including complying with court orders and adhering to "easily understood court-imposed deadlines." Bowman v. Corr. Corp. of Am., No. 1:12-0012, 2013 WL 3306215, at *3 (M.D. Tenn. July 1, 2013); Webb, 2026 WL 759318, at *3.

## IV.  Conclusion

For the reasons discussed above, the Magistrate Judge's Report is **ADOPTED** except for the finding as to Knoll factor two. Plaintiff's complaint is **DISMISSED WITH PREJUDICE.** Defendant's Motion to Dismiss and Motion for Summary Judgment are **DENIED AS MOOT.**

12

SO ORDERED this ___28th___ day of July, 2026.

/s/ *Samuel H. Mays, Jr.*

SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

13